IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BURT WENZEL, #S-08275** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-cv-260-JPG |
| | ) |
| **LEE RYKER,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT  District Judge:**

Plaintiff, an inmate currently in the Pontiac Correctional Center, was at times relevant to this action housed at the Lawrence Correctional Center, and the Shawnee Correctional Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in this complaint are subject to severance.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's amended complaint (Doc. 25). On March 1, 2011, Defendant Ryker, warden of Lawrence Correctional Center, failed to protect Plaintiff from harm. Plaintiff warned Defendant Ryker that, because he has "disabling psychological symptoms" he was at a risk of harm to himself unless he was placed in a single-man cell. Defendant Ryker did not respond to this request, and Plaintiff was placed in a double cell. Defendant John Doe Chief Administrative Officer of Lawrence also failed to protect Plaintiff when Plaintiff was placed in the double cell despite his mental health needs, which caused him to suffer physical and mental harm (Plaintiff does not go into details about this injury in his complaint).

In a separate incident, Defendant Ryker failed to honor a court order from Richland County when he did not present Plaintiff to the court. As a result, motions in one or more of Plaintiff's pending case(s) were dismissed.

In October 2011, Defendant Wendy, a nurse at Shawnee Correctional Center, violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff was held in a mental health cell when he urinated on himself. He informed Defendant Wendy that he

needed a change of clothing, access to laundry, and a washcloth.  These requests were denied.  Plaintiff also made Defendant Longsdon aware of the situation, to no avail.  Plaintiff remained in his urine-soaked clothing for three days.  During that time, Defendant Vaughn came to Plaintiff's cell, pointing and making remarks about Plaintiff, often in front of other inmates.

At an unspecified time, John Doe Chief Administrative Officer of Pontiac was part of an adjustment committee convened to address an unspecified charge against Plaintiff.  That committee deprived Plaintiff of a fair disciplinary hearing, violating his right to due process.  Defendant Chief Administrative Officer of Pontiac also failed to act after being informed that Pontiac staff was retaliating against Plaintiff by denying his access to the law library and legal mail.

At another unspecified time, Defendant Lemke, assistant warden at Pontiac, "caused great harm to [P]laintiff by subjecting [P]laintiff to cruel punishment by punishing [P]laintiff while he was under a disabling psychological state of mind." (Doc. 25, p. 5).

On September 3, 2011, John Doe Pontiac Grievance Officer failed to protect Plaintiff from another inmate when, after Plaintiff informed this Defendant that another inmate was throwing feces at Plaintiff, the Defendant refused to take action.

**Discussion:**

The Court will address the claims presented in the amended complaint by discussing the allegations against each Defendant in turn, placing related claims against Defendants together.

    **A.    Defendants Ryker and John Doe Chief Administrative Officer of Lawrence**

        **i.    cell placement**

Plaintiff alleges that he made Defendant Ryker aware that he suffered from "disabling

psychological symptoms" that put him at risk of harm, and that this risk would come about should Plaintiff be housed in a double cell with another inmate. Defendant John Doe Chief Administrative Officer of Lawrence failed to order that Plaintiff undergo mental health evaluation before being given a cell assignment. Because both of these Defendants failed to act in Plaintiff's best interest, he was placed in a double cell, despite his mental health needs. This placement caused Plaintiff to suffer physical and mental harm. Plaintiff does not expound on what physical harm he suffered, or even whether it was caused by self-inflicted injury or by another inmate.

       Double celling of inmates is not a per se violation of the Constitution. *See Rhodes v. Chapman*, 452 U.S. 337, 352 (1981). Placing two or more inmates in a cell together is common institutional practice. *See Bell v. Wolfish*, 441 U.S. 520, 541-43 (1979). To show that placing him in a cell with another inmate violated the Eighth Amendment, Plaintiff must show that Defendants Ryker and John Doe Chief Administrative Officer of Lawrence knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

       Plaintiff claims that both Defendant Ryker and John Doe Chief Administrative Officer of Lawrence were aware of Plaintiff's mental health needs, and that these needs required that he be kept in a single-man cell. Plaintiff further alleges that because these needs were not met, and he was placed in a double cell, he suffered both physical and mental injury. Plaintiff does not state what these injuries were, or explain exactly how they related to his placement in a double cell.

He does, however, seem to state that Defendants Ryker and John Doe Chief Administrative Officer of Lawrence were aware that these injuries would likely result from placing Plaintiff in a double cell, and they allowed him to be so placed despite this risk. Although placing Plaintiff in a double cell does not alone violate his rights, if Defendants Ryker and John Doe Chief Administrative Officer of Lawrence placed Plaintiff in a double cell despite knowing that a serious risk of harm existed, then a constitutional violation arises. For this reason, this claim will be allowed to proceed in this case.

### ii. access to courts

At an unspecified date for an unnamed case to be heard in Richland County, Plaintiff claims that Defendant Ryker was served with notice that Plaintiff would be required to appear to address pending motions. Defendant Ryker failed to honor this notice, and Plaintiff was not presented to the court. As a result, the motions which Plaintiff had been called to address were dismissed.

While normally an access to courts claim involves the prevention of filing papers with a court, here Plaintiff was literally denied access to the court, where he was denied the ability to attend his own legal proceedings. Violations of the right of access to the courts may be vindicated in federal court in a civil rights action pursuant to 42 U.S.C. § 1983. To have a valid claim, an inmate must not only allege that he was prevented from cultivating his claim, but that this prevention caused "some quantum of detriment." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Regardless of the length

of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Id.* at 603.

In this case, Plaintiff alleges that Defendant Ryker ignored a court order requiring Plaintiff's presence at certain proceedings. Plaintiff claims that because of Defendant Ryker's actions, motions that Plaintiff had filed in the relevant case were dismissed. This is the sort of detriment to court proceedings that is required for a meaningful access to courts claim. Because Plaintiff clearly illustrates what actions Defendant Ryker took, or in this case didn't take, and how those actions negatively affected his litigation, he has stated a claim for denial of access to the courts. This claim against Defendant Ryker will proceed.

### B.     Defendants Wendy, Longsdon, and Vaughn

Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated when Defendants Wendy and Longsdon allowed him to remain in urine-soaked clothing, without providing access to laundry or a change of clothing for three days. Defendant Vaughn harassed Plaintiff during this time, making derogatory remarks about Plaintiff to other inmates. This claim will be discussed further below, as it relates to the issue of severance.

### C.     Defendant John Doe Chief Administrative Officer of Pontiac

Plaintiff claims that Defendant John Doe Chief Administrative Officer of Pontiac violated his due process rights when the Defendant acted as a member of an adjustment committee that treated Plaintiff's case unfairly. This Defendant further violated Plaintiff's rights when he failed to discipline staff or stop the retaliation that they were taking against Plaintiff for exercising his first amendment rights. This claim will be discussed further below, as it relates to the issue of

severance.

### D. Defendant Lemke

Plaintiff alleges that Defendant Lemke violated Plaintiff's right to be free from cruel and unusual punishment when he subjected Plaintiff to punishment "while he was under a disabling psychological state of mind." (Doc. 25, p. 5). This claim will be discussed further below, as it relates to the issue of severance.

### E. Defendant John Doe Pontiac Grievance Officer

Plaintiff claims that Defendant John Doe Pontiac Grievance Officer failed to protect Plaintiff after he told this Defendant that another inmate was throwing feces at the Plaintiff. Defendant John Doe Pontiac Grievance Officer did nothing to address the issue. This claim will be discussed further below, as it relates to the issue of severance.

**Severance:**

Rule 18(a) of the Federal Rules of Civil Procedure permits Plaintiff to assert all of his claims against one defendant in one civil action. As such, Plaintiff may properly bring the claims against Defendant Ryker in the same suit. The joinder of Defendant John Doe Chief Administrative Officer with Defendant Ryker in this case appears to be proper under Rule 20(a)(2) which provides that persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

The other claims in the complaint, however, seek relief against Defendants Wendy,

Longsdon, Vaughn, John Doe Chief Administrative Officer of Pontiac, Lemke, and John Doe Pontiac Grievance Officer. The claims asserted against these Defendants do not appear to arise from the same transaction, occurrence, or series of transactions or occurrences as the claims against Defendant John Doe Chief Administrative Officer and Defendant Ryker. The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, the claims against Defendants Wendy, Longsdon, Vaughn, John Doe Chief Administrative Officer of Pontiac, Lemke, and John Doe Pontiac Grievance Officer are not sufficiently related to the claims against Defendants John Doe Chief Administrative Officer and Ryker so as to allow them to proceed together in one lawsuit.

Plaintiff is **ADVISED** that the Court is inclined to sever the claims against Defendants Wendy, Longsdon, Vaughn, John Doe Chief Administrative Officer of Pontiac, Lemke, and John Doe Pontiac Grievance Officer. If these claims are severed, they would be removed from this case and opened into four new cases. A new case number would be assigned to each case, and four new filing fees would be assessed.

Because the imposition of additional filing fees may impose a financial burden on him, Plaintiff is **FURTHER ADVISED** that he may avoid severance (and the imposition of four new filing fees) by filing a motion to voluntarily dismiss the claims against Defendants Wendy, Longsdon, Vaughn, John Doe Chief Administrative Officer of Pontiac, Lemke, and John Doe Pontiac Grievance Officer without prejudice within **45 days** of the date of this order. Before filing a motion to voluntarily dismiss, Plaintiff shall consider whether he could re-file the dismissed claims without running afoul of the applicable 2-year statute of limitations.

**Disposition:**

**IT IS HEREBY ORDERED** that the Court shall withhold ruling on the merits of the claims against Defendants **WENDY, LONGSDON, VAUGHN, JOHN DOE CHIEF ADMINISTRATIVE OFFICER OF PONTIAC, LEMKE**, and **JOHN DOE PONTIAC GRIEVANCE OFFICER** until the matter of severance is resolved.  Furthermore, service of process on these Defendants shall not be ordered until after the Court reviews any non-dismissed claims pursuant to 28 U.S.C. § 1915A.  Should Plaintiff wish to dismiss any of the four separate claims enumerated in Parts B, C, D, and E above, he shall file his motion for voluntary dismissal within **45 days** of the date of this order (no later than December 19, 2011).  If no motion is filed by this date, or if Plaintiff chooses to dismiss fewer than all four of the separate claims, then the remaining claims shall be severed into new cases and a filing fee assessed for each new case.

Service shall not be made on the Unknown **JOHN DOE CHIEF ADMINISTRATIVE OFFICER OF LAWRENCE** until such time as Plaintiff has identified him by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **RYKER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to

pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 2, 2011**

*s/J. Phil Gilbert*
**United States District Judge**